# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED SATES OF AMERICA, ) | |
| ) | No. 06 CR 0459 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| JACK BRODNICKI, ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendant's Motion to Dismiss Superseding Indictment.

On July 20, 2006, a grand jury returned a two-count indictment against Defendant, Jack Brodnicki. Count One charged Defendant with knowingly transferring a false identification document on November 12, 2004, in violation of 18 U.S.C. § 1028(a)(2). Count Two charged Defendant with knowingly transferring a false identification document on June 23, 2006, in violation of 18 U.S.C. § 1028(a)(2). Defendant pled not guilty; and a jury trial was scheduled for December 4, 2006.

On August 8, 2006, the Government provided discovery to Defendant, including six audio cassette tapes and eight compact discs of recordings of conversations (all conversations were in Polish). The recorded conversations were of phone calls, meetings, and of the actual transactions for November 12, 2004; December 9, 2004; and June 23, 2006. On November 7, 2006, the Government provided English translations (150 pages) of the eight compact discs. The translations included the surveillance of the November 12, 2004; December 9, 2004; and June 23, 2006 transactions. During the week of November 23, 2006, the Government provided Defendant the English translations of the audio tapes, which were the setup calls/meetings for the November 12, 2004; December 9, 2004; and June 23, 2006 transactions. On November 27, 2006,

the Government filed a motion *in limine* in which, among other things, stated that the Government intended to introduce the uncharged December 9, 2004 illegal transaction during trial as inextricably intertwined evidence.

On November 29, 2006, the case agent informed the Government that he was in possession of an additional audiotape of a meeting setting up the December 9, 2004 fraudulent document transaction. The morning of November 30, 2006, the Government contacted defense counsel and the Court to inform them of this audiotape and the Government's intention, based on this new audiotape, to file a superseding indictment. On November 30, 2006, the grand jury returned a superseding indictment against Defendant. The superseding indictment modified the original indictment in two ways: (1) the Government dropped the original Count One, charging Defendant with knowingly transferring a false identification document on November 12, 2004; and (2) added a charge of Defendant's knowingly transferring a false identification document on December 9, 2004, in violation of 18 U.S.C. § 1028(a)(2), as Count One of the superseding indictment. Count Two of the superseding indictment was not changed. On that same day, the Government provided Defendant with an English summary of the contents of the newly discovered audiotape; and the Court held a hearing to determine whether the trial should be delayed because of the newly discovered audiotape. Several options were proposed, including proceeding with the trial on December 4, 2006, and delaying the trial by one week. Ultimately, the defense agreed to a continuance of the trial until January 16, 2007.

Defendant now moves to dismiss the superseding indictment, arguing that the superseding indictment violates his right to due process.

"[T]he Fifth Amendment's due process clause plays a limited role in assuring that the government does not subject a defendant to oppressive delay." *United States v. Spears*, 159 F.3d 1081, 1084 (7th Cir. 1998) (*Spears*). To establish that a pre-indictment delay violated a defendant's due process rights, the defendant must demonstrate that the delay caused actual and substantial prejudice to the defendant's right to a fair trial. *See United States v. McMutuary*, 217 F.3d 477, 481-82 (7th Cir. 2000) (*McMutuary*). This burden is "an exacting one," which cannot be based upon mere speculative harm. *McMutuary*, 217 F.3d at 482. Instead, the defendant's allegations of actual and substantial prejudice must be "specific, concrete, and supported by the evidence." *United States v. Sowa*, 34 F.3d 447, 450 (7th Cir. 1994), *quoting Pharm v. Hatcher*, 984 F.2d 783, 787 (7th Cir. 1993). If the defendant meets his burden of showing actual and substantial prejudice, the burden shifts to the government to "show that the purpose of the delay was not to gain a tactical advantage over the defendant or for some other impermissible reason." *Spears*, 159 F.3d at 1084-85.

Defendant argues that he was actually prejudiced by the pre-indictment delay, the time between the original indictment and the superseding indictment, because his potential entrapment defense, which was discussed with the Government prior to the superseding indictment, is foreclosed with the filing of the superseding indictment. Defendant contends that the Government purposefully delayed the superseding indictment to gain knowledge of Defendant's defense strategy.

Defendant has not established actual and substantial prejudice. Prior to the superseding indictment, the Government and Defendant's counsel spoke. During one of these conversations, the Government noted that an entrapment defense was the only defense that was available to Defendant. Logically, the Government, in preparing the case, anticipated possible defenses to the charges. Furthermore, while the entrapment defense may have been a "strong" defense to the charge relating

3

to November 12, 2004, Defendant has not explained how he is foreclosed from using the defense to the charge relating to December 9, 2004. Moreover, the Government provided the Defendant the recording of the December 9, 2004 transaction on August 8, 2006, and the translation of the transcript on November 7, 2006. Defendant has not demonstrated that the newly discovered conversations prejudiced the Defendant. Specifically, the Defendant has failed to show how the production of the recording of a meeting setting up the December 9, 2004 transaction on November 29, 2006, or a summary translation thereof provided on November 30, 2006, has caused actual and substantial prejudice to the Defendant's right to a fair trial.

Even if Defendant could demonstrate actual and substantial prejudice, the Government has demonstrated that the purpose of the delay was not to gain a tactical advantage over the Defendant or for some other impermissible reason. Defendant has not demonstrated how the Government's conduct caused Defendant to disclose his possible entrapment defense to the Government's benefit. Both parties were aware of the Defendant's conduct of December 9, 2004; and, as noted in the Government's motion *in limine*, the Government had indicated it intended to use this evidence in its case. Rather, it appears the Government promptly and in good faith brought the issue to the attention of the Defendant and the Court. The discovery of the audiotape enabled the Government to charge the Defendant with a crime on December 9, 2004.

For the reasons stated above, Defendant's Motion to Dismiss Superseding Indictment is denied.

Dated: 1/18/07

JOHN W. DARRAH
United States District Court Judge

4